CLAUSELLS, RESPONDENT, *v.* RAMÍREZ, APPELLANT.

APPEAL from the District Court of Ponce.

No. 940.—Decided June 25, 1913.

NEW TRIAL—SURPRISE—DILIGENCE—FAULT OR NEGLIGENCE.—The appellant moved for a new trial in this case on the ground that he was surprised at the view to find that the property identified by the witnesses was within the district of Sabana Grande instead of being in Yauco, alleging that if he had known this, he would have been enabled to admit his possession of the same and claim title by prescription. It was held:

1. That the amended description of property showed the defendant the district where the same was situated and he had an opportunity at the trial to see a plan thereof, but notwithstanding this he did not allege surprise before the judgment was rendered.

2. That in order to secure a new trial on the ground of surprise it must be shown that the surprise did not result from the party's own fault or negligence.

3. That great diligence is required of a person moving for a new trial on the ground of surprise unless the surprise is self-evident, which is not the case here.

The facts are stated in the opinion.

*Mr. José de Diego* for appellant.

*Mr. José A. Poventud* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from an order overruling a motion for a new trial. As to the alleged error in regard to the granting of a view and the error committed during the holding of the same, we shall not repeat the reasoning of our opinion in affirming the judgment on the issues between the parties decided today.

Appellant also filed a number of affidavits supporting his motion for a new trial to show surprise at the trial. The principal object of these affidavits, if we understand them, is that it was only by reason of the course taken by the court and the witnesses at the view that the defendant was enabled to identify the property claimed by the complainant and that if he had known that the particular property identified by the witnesses was in the jurisdiction of Sabana Grande

instead of being in Yauco, he would have been enabled to admit his possession of the same and claim prescription. The description of the land in the complaint as originally presented was as follows:

"Rural property situated in the ward of Guánica, place known by the name of Limón, in the municipal jurisdiction of Yauco, consisting of 40 acres of land, equivalent to 15 hectares, 72 ares and 16 centiares. Bounded on the north by lands of Don Juan José Díaz (now estate of Antongiorgi); on the south by lands belonging to Don Antolino Rodríguez (now Don. Emilio Pietri); on the east by property of Don Juan Aubriet (to-day of the defendant Dón Adolfo Ramírez); and on the west by lands belonging to Don Juan Evangelista Postillo and Doña Calixta Jusino, (now of the said Don Adolfo Ramírez.)"

And the description of the land, as finally amended by permission of the court, is as follows:

"Rural property situated in the ward of Guánica, place known by the name of Limón, in the municipality of Yauco, consisting of 40 acres of land, equivalent to 15 hectares, 72 ares and 10 centiares; bounded on the north by lands formerly belonging to Juan José Díaz, known by the name of Curro Díaz, a great portion thereof reaching the highway from Yauco to Sabana Grande and San Germán down to a place near the stones of the convent; on the west by Juan Evangelista Postillo and Calixta Jusino, now Don Adolfo Ramírez, being mostly separated on that boundary by a brook named Quebrada Majina; on the east by lands belonging to Don Juan Aubriet now owned by the defendant, Don Adolfo Ramírez, being partly separated by a rural road leading to the lagoon of Guánica; and on the south by lands belonging to Don Antolino Rodríguez, which are now owned by Don Emilio Pietri."

Thus the land is shown to be mainly in Yauco today.

Now, if the description of the lands as finally amended plainly showed the defendant the jurisdiction where the same were situated, of course he cannot maintain surprise at the trial, because this description was brought clearly to the attention of the defendant at the trial and it becomes evident that the defendant had a chance not only to know of this de-

scription, but to hear evidence in regard to the same and to see a plan thereof. Yet neither at the trial, nor at the view, nor at any time before judgment, did he complain of surprise.

It is unnecessary to discuss numerous other questions raised by the appeal and by the affidavits and counter-affidavits to show that the defendant was not in fact surprised. He has not made out a case of surprise. Furthermore, we think the principles of *Rivero et al.* v. *Hernández et al.*, 17 P. R. R., 868, are applicable to this case. Here as there the appellant has shown that the surprise did not result in any degree from his own fault or negligence. Here as there he does not show that he applied for relief at the earliest possible opportunity. On the contrary, although apprised of the description as he maintains by the view, he took no steps until after judgment to claim surprise. Great diligence is required of a person moving for a new trial on the ground of surprise unless the surprise is self-evident, which was not the case here as the affidavits of the parties demonstrate. Likewise, we do not think that the view had the material bearing on the case that defendant claims for it, nor that the judgment merely resulted from the view.

The order must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.